GLENN R. KANTOR (SBN 122643)
E-Mail: gkantor@kantorlaw.net
BETH A. DAVIS (SBN 277560)
E-Mail: bdavis@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Tel: 818.886.2525; Fax: 818.350.6272
*Attorneys for Plaintiff/Counterdefendant Holly Kivlin*

MELISSA M. COWAN (SBN 175326)
E-Mail: mcowan@bwslaw.com
KEIKO J. KOJIMA (SBN 206595)
E-MAIL: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600; Fax: 213.236.2700
*Attorneys for Defendant/Counterclaimant Hartford Life and Accident Insurance Company*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

| | |
|---|---|
| HOLLY KIVLIN,<br><br>    Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant.<br><hr>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Counterclaimant,<br><br>v.<br><br>HOLLY KIVLIN,<br><br>    Counterdefendant. | No. 2:14-cv-00017-KJM-DAD<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4818-0832-9243 v2

- 1 -

CASE NO. 2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

Plaintiff and Counterdefendant Holly Kivlin ("Plaintiff" or "Kivlin") and Defendant and Counterclaimant Hartford Life and Accident Insurance Company ("Defendant" or "Hartford"), by and through their respective counsel of record, hereby stipulate to the following protective order:

1. **Scope of Order**. The purpose of this Stipulated Protective Order is to protect against the unnecessary disclosure of confidential, trade secret and/or proprietary information by parties and non-parties. All such documents and information protected by this Stipulated Protective Order will hereafter be referred to as "Protected Information." The Protected Information shall be used solely in connection with the litigation and trial of this case, and for no other purpose or in any other case.

2. **Definitions**. Materials and information protected by this Stipulated Protective Order shall mean any documents, materials, items, or information designated by Plaintiff, Defendant or any third party (including but not limited to Sun Life Assurance Company of Canada ("Sun Life")) as "Confidential," including information derived therefrom, and produced in response to a party's requests for production of documents, interrogatories, stipulation, subpoena, motion or deposition. "Protected Information" is confidential, trade secret and/or proprietary information (A) contained in or derived from Defendant's manuals, guidelines, instructions, policies and procedures or training materials used in connection with handling, processing or adjusting long term disability claims; (B) relating to Defendant's finances or business operations; (C) that Defendant is required to keep confidential by statute, regulation or other law; (D) relating to Plaintiff's financial accounts or that may allow for the identification or misuse by third parties of Plaintiff's personal financial information; (E) the settlement agreement entered into between Plaintiff and Sun Life; and (F) such other documents to be designated as subject to this Order. However, to the extent that redaction of Plaintiff's personal information pursuant to Fed.R.Civ.Proc. 5.2 and Eastern District L.R. 140 prevents

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2

- 2 -

CASE NO. 2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

1  identification of Plaintiff's private financial information, the entire document
2  containing such redaction does not need to be marked "Confidential," does not need
3  to be filed under seal and is not subject to the terms of this Stipulated Protective
4  Order.

5      Protection of information in Categories (A), (B), and (F) is required because
6  this proprietary, commercially-sensitive information is a product of Defendant's
7  experience and expertise in the insurance industry, and is not generally
8  disseminated to the general public or to Defendant's insureds.  Disclosure of
9  information in this category would give Defendant's competitors an unfair business
10 advantage and harm Defendant's competitive position.

11     Protection of information in Category (C) is required because Defendant
12 would violate statutes, regulations and/or other laws if it was required to produce
13 the information in the absence of a Protective Order.

14     Protection of information in Category (D) is required to protect Plaintiff's
15 rights of privacy and to prevent misuse by third parties of Plaintiff's identity and/or
16 identity theft.

17     Protection of information in Category (E) is required to protect the
18 confidentiality of the settlement agreement entered into between Plaintiff and Sun
19 Life in the dismissed action *Holly Kivlin v. Sun Life Assurance Company of*
20 *Canada*, USDC Case No. 2-10-cv-03123-KJM-KJN.

21     The parties assert that the "Protected Information" should be protected by a
22 Court order rather than by a private agreement because the entry of a protective
23 order would carry the weight of the Court's imprimatur and authorize the exercise
24 of its contempt power over any potential violations of this protective order.  A
25 private agreement between the parties would not serve to fully protect the
26 confidential nature of the "Protected Information" from unwarranted disclosure,
27 would not be as strong of a deterrent against such disclosure, and would not provide
28 sufficient remedies in the event of disclosure.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2

- 3 -

CASE NO.  2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

3. **Category of Protection**. There shall be only one category of protection. Documents or other material may be designated as "Confidential" by a party or a producing nonparty if they contain information of the type referred to in Paragraph 2 of this Stipulated Protective Order. Confidential Material may not be photocopied, reproduced or duplicated in any manner, whether in hard copy or electronic format, subject to the explicit exceptions contained in this Order.

4. **Qualified Persons**. Protected Information as designated above shall be used only for the purposes of conducting this litigation and shall be disclosed only to "Qualified Persons" which, as used herein, shall mean:

A. Outside counsel who have made an appearance in this litigation and outside counsel for any third party required to produce documents or give testimony in this lawsuit and secretarial, clerical, litigation support and paralegal personnel regularly employed by such outside counsel to whom it is necessary that the Protected Information be shown for purposes of this litigation.

B. Bonafide outside consultants and experts and their clerical and support staff specifically engaged by counsel or the parties to assist in this litigation, provided such experts are not a competitor of any party to or third party required to produce documents or give testimony in this litigation.

C. Officers, in-house counsel, or other employees of any party or any third party required to produce documents or give testimony in this lawsuit.

D. The Court, other court personnel (including court reporters in the courtroom) and the jury or other trier of fact.

E. Factual witnesses who agree to comply with and be bound by the requirements of this Order and whose role as a witness is such that they have a genuine need to know the content of the Protected Information.

F. Court reporters (except court reporters in the courtroom), videographers and their employees.

G. Any other person as to whom the producing party or third party agrees

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2

- 4 -

CASE NO. 2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

in writing.

5. **Use and Dissemination of Protected Information**. Information designated as "Confidential" information shall not be disclosed or made available by the receiving party to anyone other than a Qualified Person.

6. **Disclosure to Third Parties**. The Qualified Persons listed in Paragraph 4 shall not distribute, disclose or otherwise publish or make available the Protected Information to any third persons unless consented to in writing by the party designating that material as Protected Information under this Stipulated Protective Order, or permitted to do so by the Court. Further, before disclosure of Protected Information to any person under this Stipulated Protective Order except as provided in Paragraph 4(D), each such person shall be provided with a copy of this Stipulated Protective Order and shall execute a Non-Disclosure Agreement (Exhibit A).  Persons listed in Paragraph 4(D) shall not be bound by the terms of this Stipulated Protective Order except to the extent of normal Court procedures and applicable laws for Court-ordered sealed documents, such that Court administration is not unduly impeded.

7. **Party's Right to Use Information**.  Nothing in this Order shall prevent a party from using its own Protected Information in any manner it sees fit or from revealing its own Protected Information to a person other than those designated in Paragraph 4 without prior consent of any other person, entity or this Court.

8. **Disclosure to Government**.   No party who has received Protected Information, or persons acting on such party's behalf, may voluntarily disclose any Protected Information to any state or federal law enforcement or regulatory agency, or any employee agent thereof, except as otherwise commanded by law or provided in this Stipulated Protective Order and may do so only after providing reasonable notice to the attorneys for the party who produced the Protected Information so that it may act upon or object to such disclosure.  Notwithstanding anything to the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2

- 5 -

CASE NO. 2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

1  contrary in this Paragraph, Defendant's disclosure of Protected Information to a
2  state or federal law enforcement or regulatory agency, or any employee agent
3  thereof pursuant to an investigation conducted by such entity shall not be deemed a
4  violation of this Stipulated Protective Order and no advance notice to the attorneys
5  for the party who produced the Protected Information shall be required.

6      9. **Deposition Procedures**.

7      A. Deposition transcripts or portions thereof which contain or refer to
8  Protected Information may be designated as "Confidential" before or during the
9  deposition, in which case the transcript of the testimony and exhibits designated as
10 "Confidential" shall be bound in a separate volume and marked with the word
11 "Confidential" by the reporter, as the party seeking to designate the Protected
12 Information as confidential may direct. The parties agree that the disclosure of
13 Protected Information, testimony and/or exhibits containing or referring to
14 Protected Information to court reporters, videographers and/or their staff shall not
15 change the confidential status of Protected Information and shall not be deemed a
16 waiver of privileges asserted as to the Protected Information.

17     B. Where testimony or documents are designated as Protected
18 Information at a deposition, the parties hereto may exclude from the deposition all
19 persons other than those to whom the Protected Information may be disclosed under
20 paragraph 4 of this Stipulated Protective Order.

21     C. Any party may mark Protected Information, or information derived or
22 obtained therefrom, as a deposition exhibit and examine any witness thereon,
23 provided that the deposition witness is a qualified person to whom the exhibit may
24 be disclosed under paragraph 5 of this Stipulated Protective Order and that the
25 exhibit and related transcript pages receive the same confidentiality designation as
26 the original Protected Information.

27     D. Notwithstanding all of the foregoing, to eliminate the need for marking
28 Protected Information and documents containing information derived or obtained

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2

- 6 -

CASE NO. 2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

1  therefrom in a deposition, the parties shall strive to reach agreement to refer to such
2  documents by control or Bates-stamp number, and agree that, to the extent a
3  witness might authenticate a document at a deposition, with the document attached,
4  he or she can do so similarly if the document is not attached, but is sufficiently
5  described by control or Bates-stamp number.

6        10. **Rights Preserved**.  Nothing in this Order shall be deemed to preclude
7  any party or third party from seeking or obtaining, on the appropriate showing,
8  additional protection with respect to the confidentiality of documents or
9  information. Nor shall any provision of this order be deemed to preclude any party
10  from challenging the validity of the confidentiality of any materials so designated
11  (in the manner specified in Paragraph 9 below), or from requesting the Court to
12  amend or modify this Order with respect to any particular matter.  Nothing in this
13  Order shall be deemed a waiver of any party's right to object to the admissibility of
14  any documents produced pursuant to this Stipulated Protective Order at trial or any
15  other court proceeding on the of relevance, materiality, privilege, overbreadth or
16  any other recognized objection to discovery.

17        11. **Objections to Designation**.  A party that elects to initiate a challenge
18  to a Designating Party's confidentiality designation must do so in good faith and
19  begin the process by conferring directly with counsel for the designating party.  In
20  conferring, the challenging party must explain the basis for its belief that the
21  confidentiality designation was not proper and must give the designating party an
22  opportunity to review the designated material, to reconsider the circumstances, and,
23  if not change in designation is offered, to explain the basis for the chosen
24  designation.  A challenging party may proceed to the next stage of the challenge
25  process only if it has engaged in this meet and confer process first.  A party that
26  elects to press a challenge to a confidentiality designation after considering the
27  justification offered by the Designating Party may file and serve a motion that
28  identifies the challenged material and sets forth in detail the basis for the challenge.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2  - 7 -  CASE NO. 2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

1 Each such motion must be accompanied by a competent declaration that affirms
2 that the movant has complied with the meet and confer requirements imposed in the
3 preceding paragraph and sets forth with specificity the justification for the
4 confidentiality designation that was given by the designating party in the meet and
5 confer dialogue. .

6       12. **Filing Under Seal**.  In the event a party wishes to use any Protected
7 Information in any affidavits, briefs, memoranda of law, or other papers filed in
8 Court in this litigation, such Protected Information must be of the type set forth in
9 Paragraph 2 and 3 of this Stipulated Protective Order and must satisfy the criteria
10 set forth in Local Rule 141. The party wishing to file such Protected Information
11 shall request that the Court recognize the information as "Protected Information"
12 and shall fully comply with all rules and procedures set forth by Fed. R.Civ.P. 5.2,
13 26 and Local Rule 141 and any other applicable rules governing the request to file
14 documents under seal.

15       13. **Consent to Disclosure**.   Nothing shall prevent disclosure beyond the
16 terms of this Stipulated Protective Order if all parties consent to such disclosure, or
17 if the Court, after notice and opportunity to be heard to all parties, permits such
18 disclosure or refuses to allow the filing of documents under seal. Specifically, if and
19 to the extent any party wishes to disclose any Protected Information beyond the
20 terms of this Stipulated Protective Order, that party shall provide the other party
21 with reasonable notice in writing of its request to so disclose the materials.

22       14. **Inadvertent Disclosure**.   The inadvertent production or disclosure of
23 any Protected Information (including physical objects) to the receiving party shall
24 not constitute a waiver of the attorney-client privilege and/or work product doctrine
25 if the producing party sends to each receiving party a request for return of any such
26 inadvertently produced documents to the producing party within 30 days of such
27 inadvertent production or disclosure. Upon receiving such a request by the
28 producing party, the receiving party immediately shall return to the producing party

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2

- 8 -

CASE NO.  2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

1  all copies of such documents, and shall immediately confirm in writing that all
2  electronic copies of the documents have been deleted from electronic records. Upon
3  a reasonable request by the receiving party as to whether a document was
4  inadvertently produced, the producing party shall have fifteen calendar days to
5  respond. The producing party's response shall: (A) state whether the document was
6  or was not inadvertently produced, (B) if applicable, designate the document as
7  within the attorney-client privilege and/or work product immunity, and (C) state
8  whether return of the document is requested. In the event the receiving party
9  challenges the propriety of the attorney-client privilege and/or work product
10 immunity designation, the party asserting privilege may file an appropriate motion
11 with the Court. In such a motion, the burden of establishing privilege shall remain
12 on the party asserting the privilege. If a document or information has been used
13 during a deposition, used at a hearing, identified in a pleading filed with the Court,
14 identified in a pretrial order or interrogatory response, identified for use at trial, or
15 disclosed to the Court, no claim of inadvertent production may be made unless such
16 claim is made within fifteen (15) calendar days of such use, identification or
17 disclosure.

18     15.    **Court Retains Final Authority**.  The Court retains final authority to
19 determine what is or is not "Protected Information" as defined by Paragraph 2 and 3
20 of this Stipulated Protective Order and to remove the "Confidential" designation
21 from any document governed by this Stipulated Protective Order as necessary to
22 protect the public interest. Further, and notwithstanding any provisions stated in
23 Paragraph 11, should the Court determine that documents may not be filed under
24 seal, the parties are permitted to file documents containing Protected Information
25 without limitation.

26     16.    **Conclusion of Litigation**.   Within sixty (60) days after the
27 termination of this litigation and any appeal thereof, all Protected Information
28 produced by a party or third party, including originals and copies (including

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2

- 9 -

CASE NO. 2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

electronic copies), that are in the possession of any of the persons who are Qualified Persons pursuant to Paragraph 4, except those in Paragraph 4(D), shall be returned to the producing party or third party, except as this Court may otherwise order. Following termination of this litigation, the provisions of this Stipulated Protective Order relating to the confidentiality of Protected Information shall continue to be binding, except with respect to documents and information which are no longer Protected Information.

17.  **Violation of Order**. Willful violation by any person of any provision of this Order may be punishable as contempt of Court. Further, any party hereto may pursue any and all civil remedies available to him or it for breach of the terms of this Order.

18. This Stipulated Protective Order shall be effective and enforced according to its terms from and after entry of the Order by this Court.

IT IS SO STIPULATED.

Dated: July 28, 2014

KANTOR & KANTOR, LLP
Glenn R. Kantor
Beth A. Davis

By: *s/Glenn R. Kantor*
    *as authorized on 7/28/14*
    Glenn R. Kantor
Attorneys for Plaintiff/Counterdefendant
Holly Kivlin*]*

Dated: July 29, 2014

BURKE, WILLIAMS & SORENSEN, LLP
Melissa M. Cowan
Keiko J. Kojima

By: *s/Melissa M. Cowan*
    Melissa M. Cowan
Attorneys for Defendant/Counterclaimant
Hartford Life and Accident Insurance Company

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2

- 10 -

CASE NO. 2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

## **ORDER**

Pursuant to the parties' agreement, IT IS SO ORDERED.

Dated: July 29, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
kivlin0017.stip.prot.ord.doc

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2

- 11 -

CASE NO. 2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, have reviewed the Stipulated Protective Order entered by the Court in *Holly Kivlin v. Hartford Life Insurance Company,* Case No.: 2:14-CV-00017-KJM-DAD, and I have had an opportunity to review it and seek independent counsel about its contents. Having read the Stipulated Protective Order, understanding its contents, including the obligations and duties it imposes upon me, and agreeing to abide by it, I voluntarily, knowingly, and by my own hand execute this Non-Disclosure Agreement, which obligates me to adhere to the terms of the Stipulated Protective Order.

EXECUTED this day of _____, 2014.

_____
Signature of Qualified Person

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-0832-9243 v2

- 12 -

CASE NO. 2:14-CV-00017-KJM-DAD
STIPULATED CONFIDENTIALTY AGREEMENT;
PROPOSED ORDER